UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CLAYTON CANGELOSI**                              **CIVIL ACTION**

**VERSUS**                                         **NUMBER: 21-1465**

**LOUISIANA GOVERNOR**                             **SECTION: F (1)**
**JOHN BEL EDWARDS**

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Clayton Cangelosi filed the above-captioned lawsuit pursuant to 42 U.S.C. §1983 and 1988 to challenge Louisiana Governor John Bel Edwards' issuance of Proclamation 137 JBE 2021.

For the following reasons, it is RECOMMENDED that this lawsuit be DISMISSED for failure to state a claim and as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

### Background

Proclamation 137 requires face masks/coverings be worn in public places in the state of Louisiana beginning on August 4, 2021, in response to the COVID-19 outbreak. Cangelosi filed a similar lawsuit challenging the mask mandate issued by Governor Edwards on July 11, 2020, Proclamation 89 JBE 2020. That case was dismissed with prejudice for lack of subject matter jurisdiction and for failure to state a claim. Cangelosi v. Edwards, Civ. A. No. 20-1991, 2020 WL 6449111 (E.D. La. Nov. 3, 2020).

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. § 1915(a). However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. Mr. Cangelosi was ordered to show cause in writing by September 15, 2021, why his lawsuit should not be dismissed as frivolous and/or for failure to

1

state a claim under 28 U.S.C. § 1915(e)(2)(B)(i-ii). Hurricane Ida hit the area on August 29-30, 2021, and on September 4, 2021, Chief Judge Brown issued General Order No. 21-12, ordering that "[a]ll deadlines and delays, including prescriptive and peremptive periods, in cases pending or to be filed in this Court are hereby suspended for thirty (30) days commencing from August 26, 2021." As of today's date, more than 30 days after the ordered deadline, Mr. Cangelosi has not responded to the Court's order to show cause.

Law and Analysis

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*. See Startii v. United States, 415 F.2d 1115, 1116 (5th Cir.1969); see also Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> \* \* \*
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). A claim is "frivolous" where it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). "[A] complaint fails to state a claim upon which relief may be granted when it does not contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"

Rogers v. Boatright, 709 F.3d 403, 407 (5th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Mr. Cangelosi's present complaint challenging Proclamation 137 is nearly identical to his earlier challenge to Proclamation 89. Thus, the court finds that the present complaint fails for the same reasons as identified by the court in dismissing his earlier lawsuit. See Cangelosi v. Edwards, Civ. A. No. 20-1991, 2020 WL 6449111 (E.D. La. Nov. 3, 2020). Although Mr. Cangelosi's new complaint contains the additional allegations that he has been asked to explain his medical condition to "Non Qualified People" to be allowed in a public place, as the court found in Mr. Cangelosi's earlier case, he has not met the requirements of standing and redressability because with or without the mask mandate being in effect, business owners might require face coverings.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 10th day of November, 2021.

Janis van Meerveld
United States Magistrate Judge

3